St. Louis, I. M. & S. R'y Co. v. Henderson Edwards.

(No. 2617.)

Appeal from Bowie County.    Opinion by Willson, J.

Todd & Hudgins, counsel for appellant.

Vaughan & Leary, counsel for appellee.

**§ 342.** *Allegata and probata need not correspond as to immaterial matter; allegation of time not material, when; case stated.*   Appellee sued appellant to recover damages for personal injuries sustained by him by reason of the negligence of appellant's employees in starting its passenger train while he was in the act of boarding said train, whereby he was thrown from said train and injured. He recovered judgment for $250 and costs. In his petition he alleged that the injury occurred on the 27th day of December, 1886, and that it was caused by the appellant's south-bound train.   The evidence showed that appellee was injured at the place and in the manner alleged in the petition, but that such injury probably occurred on a different day than that alleged in the petition, and appellant insists that this constitutes a fatal variance between allegation and proof.   *Held:* It is a familiar rule of law that allegation and proof, as to material matters, must correspond, and that the plaintiff must recover, if at all, upon the case made by the pleadings.  [1 App. C. C. § 299; 2 App. C. C. § 618.]   This rule is restricted to *material* matters.   *Time* is not considered generally as forming part of a material issue, and usually one time or day may be alleged and another time or day proved.  [Green's Pl. & Pr. § 424.]   Such is ordinarily the rule, even in a prosecution for crime.   There are cases, however, in which *time* is material, and in such cases it must be proved as alleged.   In this case the precise time of the occurrence which caused the injury is not a material matter.   Here the material issue is the injury of appellee caused by the negligent opera-

tion of appellant's train.  If he was so injured, it is not material on what particular day the injury occurred, nor by what particular train it was caused.  It was sufficient to prove that the injury occurred about the time alleged in the petition, and that it was caused negligently by one of appellant's trains.

November 9, 1887.                              Affirmed.